AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means     ☐ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
INFORMATION ASSOCIATE WITH TWO PARLER ACCOUNTS ) Case No. 21-sc-125
THAT ARE STORED AT PREMISES CONTROLLED BY PARLER )
PURSUANT TO 18 U.S.C. 2703 FOR INVESTIGATION OF )
VIOLATIONS OF 18 U.S.C. 1752 )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Nevada_____
*(identify the person or describe the property to be searched and give its location)*:

Information associated with "@TheOchsReport" and "@MurderTheMedia" ("Target Parler Account(s)") which is stored at premises owned, maintained, controlled, or operated by Parler, LLC ("Parler"), a company headquartered at 209 South Stephanie St., B135, Henderson, NV 89012-5501.(as further described in the attached affidavit in support of search warrant, incorporated fully herein, including Attachment A).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____January 29, 2021_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____G. Michael Harvey_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 01/15/2021                G. Michael Harvey
                                                2021.01.15 14:34:00 -05'00'
                                                *Judge's signature*

City and state:  Washington, D.C.               G. Michael Harvey, U.S. Magistrate Judge
                                                *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

## Return

| Case No.: 21-sc-125 | Date and time warrant executed: 1/16/22 1647 EST | Copy of warrant and inventory left with: N/A |

Inventory made in the presence of: N/A

Inventory of the property taken and name(s) of any person(s) seized:

Digital information associated with the target account and authorized to be kept by the government as articulated in attachment B.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 3/7/2022

*Executing officer's signature*

W. Tackett, Special Agent
*Printed name and title*

## ATTACHMENT A
### Property to Be Searched

This warrant applies to information associated with "@TheOchsReport" and "@MurderTheMedia" ("Target Parler Account(s)") which is stored at premises owned, maintained, controlled, or operated by Parler, LLC ("Parler"), a company headquartered at 209 South Stephanie St., B135, Henderson, NV 89012-5501.

## ATTACHMENT B

### Particular Things to be Seized and Procedures
### to Facilitate Execution of the Warrant

I. **Information to be disclosed by Parler ("PROVIDER") to facilitate execution of the warrant**

To the extent that the information described in Attachment A is within the possession, custody, or control of Parler, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to Parler, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Parler is required to disclose the following information to the government for the Target Parler Account(s) listed in Attachment A for the time period January 1, 2020 to the present:

    a.    all information in the possession of Parler that might identify the subscriber(s) related to the Target Parler Account(s), including names, telephone numbers, email addresses, the length of service (including start date), means and source of payment for services (including any credit card or bank account number stored by third-party payment processors on Parler's behalf); and "identification information" retained by Parler, including, but not limited to, "selfies" provided for Parler's optional verification process.

    b.    all records pertaining to device and location information associated with the Target Parler Account(s), including Internet Protocol ("IP") addresses, device type(s), web browser type(s), operating system version, phone carrier and manufacturer, member agents, application installations, device identifiers, mobile advertising identifiers, and push notification tokens;

    c.    all Usage Information associated with the Target Parler Account(s), including information about interactions with Parler's services, such as the posts or other content that the user(s) of the Target Parler Account(s) viewed, the searches conducted, the people/Parler accounts followed, and the dates and times the user(s) of the Target Parler Account(s) visited Parler via the web or mobile application;

      d.      all "contacts" associated with the Target Parler Account(s), including imported contacts from email or address books;

      e.      all privacy and account settings;

      f.      all information about connections between the Target Parler Account(s) and third-party websites and applications;

      g.      all past and current usernames/display names, account passwords, and names associated with the Target Parler Account(s);

      h.      all direct messages associated with the Target Parler Account(s);

      i.      all records of parleys, upvotes, downvotes, echoes, and/or media associated with the Target Parler Account(s);

      j.      all records pertaining to communications between Parler and any person regarding the Target Parler Account(s), including contacts with support services and records of actions taken; and

      k.      all cookies (including session cookies and persistent cookies) pixel tags, records of session times and durations, as well as any temporarily assigned network address associated with the Target Parler Account(s).

2.      Parler is hereby ordered to disclose the above information to the government within **14 DAYS** of issuance of this warrant.

FBI Washington Field Office – Northern Virginia Resident Agency
ATTN: Roger Dean
601 4th Street, NW
Washington, DC 20535-0001
rrdean@fbi.gov

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. §§ 371, 372, 1512(c)(2), and 1752(a), as described in the affidavit submitted in support of this Warrant, including, for each Account, information pertaining to the following matters:

(a) Information that constitutes evidence of the identification or location of the user(s) of the Account;

(b) Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the Account about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(c) Information that constitutes evidence indicating the Account user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

(d) Information that constitutes evidence concerning how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Account user;

(e) Evidence regarding OCHS's intent to disrupt or interfere with the Joint Session of the United States Congress on January 6, 2021;

(f) Information regarding OCHS's plan to travel to Washington, D.C., for the time period including January 6, 2021;

19

(g) Information regarding OCHS's intent to incite, organize, promote, encourage or participate in a riot or civil disorder in Washington, D.C. for the time period including January 6, 2021;

(h) Evidence of OCHS's intent to "stop the steal" or otherwise object to, or interfere with, the 2020 U.S. Presidential Election results;

(i) Evidence of OCHS's or other individual's entrance into the Capitol on January 6, 2021, including but not limited to photographs, video, social media postings, and communications about said conduct; and

(j) Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

### III. Government procedures for warrant execution

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section II. That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section II and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.